IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **TYLER HENDERSON,**<br><br>          Plaintiff,<br><br>v.<br><br>**MICHAEL ASTRUE, in his capacity as Commissioner of the Social Security Administration,**<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-CV-678 |

This matter is before the court on Plaintiff Tyler Henderson's ("Henderson") Application for Attorney Fees Under the Equal Access to Justice Act. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Based on the memoranda filed by the parties and the law and facts relevant to the petition, the court enters the following Order.

**BACKGROUND**

Henderson applied for disability benefits in February 2004, claiming that a back injury rendered him unable to work. His application was denied initially and on reconsideration by an administrative law judge ("ALJ") in 2008. Henderson then appealed to this court, which rejected his appeal on June 30, 2009, finding that "the Commissioner's decision was free of legal error

and was supported by substantial evidence."[1]  On June 15, 2010, the Tenth Circuit found that "the ALJ committed reversible error by failing to discuss his reasons for finding that Mr. Henderson's back impairment did not meet or equal Listing 1.04 for disorders of the spine."

## DISCUSSION

Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A).[2]  Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3]  Further, "[t]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified.  The test for substantial justification in this circuit is one of reasonableness in law and fact.  Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

This court found the decision of the ALJ to be supported by substantial evidence and free of legal error, and it is therefore tempting to conclude that "the Commissioner's position was justified to a degree that could satisfy a reasonable person." *Id.*  But in light of the Tenth Circuit's decision in this case, the court must find that the Commissioner's position was not substantially justified.  The Tenth Circuit emphasized that it had previously determined, in

---

[1] Docket No. 17.

[2] Plaintiff seeks $18,408.20, but the actual total is $15,833.72.  See Docket No. 28 at Ex. 1, pages 1-2.  The court assumes that Plaintiff inadvertently made a mathematical error in totaling the various amounts requested.

[3] 28 U.S.C. § 2412(d)(1)(A).

*Clifton v. Charter*, 79 F.3d 1007 (10th Cir. 1996), that the ALJ had failed to "discuss the evidence or his reasons for determining that [the claimant] was not disabled at step three," and instead "merely stated a summary conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment." *Id.* at 1009.  The court noted that such a conclusory statement was insufficient to satisfy the ALJ's duty under *Clifton*.   It further stated that "[o]ur decision was predicated on the fact that the ALJ's decision was a "bare conclusion . . . beyond meaningful judicial review." *Id*.  In its decision, the Tenth Circuit also distinguished *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), in which the court explained that

> a court could still affirm an ALJ's decision — despite the ALJ's failure to make specific step three findings — when "confirmed or unchallenged findings made elsewhere in the ALJ's decision [i.e., at steps four and five]" "conclusively preclude Claimant's qualification under the listings at step three" such that "[n]o reasonable factfinder could conclude otherwise."

*Id*. at 734-35.   But in the instant case, the Tenth Circuit found that

> this is not a case like *Fischer-Ross* where the ALJ's findings at steps four and five conclusively negate Mr. Henderson's claim under Listing 1.04.  The ALJ's discussion of the medical evidence pertaining to Mr. Henderson's back impairment is at best equivocal in terms of showing whether he meets or equals any of the subsections of Listing 1.04.

*Id*.  In addition, the court rejected the Commissioner's argument that Mr. Henderson's spinal arachnoiditis was "resolved" by his second back surgery, and, even if it was not, Mr. Henderson's condition did not result in severe "burning" or "painful dysesthesia," as required by Listing 1.04(B), because the ALJ "made no findings on those issues, and on the record before us, we are not persuaded that the medical evidence conclusively establishes either assertion."

Accordingly, the court finds that Plaintiff is entitled to attorney fees and expenses under the EAJA.  The court awards the amount requested by Plaintiff for the district court litigation ($2,948.13), the appellate court litigation ($9,052.20), and $120 for the documents and

arguments to obtain the original EAJA fee, but it finds the amount requested for filing the amended application for attorney fees, time sheet, Bill of Costs, etc. to be excessive ($3,713.39) because it greatly exceeds the amount requested for the entire district court litigation.  The court will award $2,000 relating to the motion for EAJA fees and expenses and will also award the amount requested in the Bill of Costs ($607.94).  In total, the court awards $14,608.27 to Plaintiff.

Finally, while it appears that Plaintiff has assigned his right to EAJA fees to his counsel, it is the Commissioner who determines whether to waive the requirements of the Anti-Assignment Act.  The Commissioner may decide to so waive the requirement only after a court actually awards fees and only if the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program.  *See* 31 U.S.C. § 3716(c)(3)(B) (2006).  Accordingly, the payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel.  *See Astrue v. Ratliff,* 130 S. Ct 2521 (2010).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Hendersen's Motion for EAJA Attorney Fees [Docket Nos. 26, 32] is GRANTED in the amount of $14,608.27.  The EAJA fees shall be made payable to Plaintiff.

DATED this 27th day of February, 2013.

DALE A. KIMBALL
United States District Judge